IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

**August 5, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| SCARLETT LAY LOVE, | ) | FOR PUBLICATION |
| | ) | |
| Plaintiff-Appellant, | ) | **Filed: August 5, 1996** |
| | ) | |
| v. | ) | SCOTT CIRCUIT |
| | ) | |
| COLLEGE LEVEL ASSESSMENT | ) | Hon. Conrad Troutman, Judge |
| SERVICES, INC., and NURSING | ) | |
| CAREERS, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | No. 03S01-9510-CV-00118 |

For Plaintiff-Appellant:

Donald F. Paine
Andrew R. Tillman
Carlyle Urello
Paine, Swiney and Tarwater
Knoxville, Tennessee

For Defendants-Appellees:

Christopher Van Riper
Stuart & Van Riper
Clinton, Tennessee

# O P I N I O N

COURT OF APPEALS REVERSED.                    DROWOTA, J.

The plaintiff, Scarlett Lay Love, appeals from the denial of her motion to

dismiss, the motion being predicated upon the alleged failure of the defendants, College Level Career Services, Inc., and Nursing Careers, Inc., to perfect an appeal from the general sessions court to the circuit court within the ten-day period provided for in Tenn. Code Ann. § 27-5-108. The sole issue for our determination is as follows: whether a facsimile (fax) transmission of a notice of appeal and appeal bond, sent by the defendants to the clerk of the general sessions court on the final day on which an appeal could be taken, is sufficient to perfect the appeal. For the following reasons, we conclude that the facsimile transmission was not sufficient to perfect the appeal; therefore, we reverse the judgment of the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are undisputed. On October 29, 1993, Scarlett Lay Love brought suit in the Scott County General Sessions Court against Nursing Careers and College Level Assessment Services, seeking, among other things, rescission of a contract between her and the defendants. On June 7, 1994, the general sessions court found for the plaintiff, rescinding the contract and awarding money damages to her. The court's judgment properly stated that any appeal was due to be filed no later than June 17, 1994.

On June 17, 1994, the Clerk of the Scott County General Sessions Court received, via facsimile transmission, a letter from the law firm representing the defendants. That letter provides:

This letter is to confirm the conversation I had with you on June 16,

2

> 1994. I asked if Mr. Van Riper could fax a Notice of Appeal to the court and whether a fax would be accepted as an original, since the deadline for filing is today, June 17. You indicated to me that the fax would be treated as an original.
>
> Please accept this fax of the Notice of Appeal in the above-referenced case as an original. A duplicate original will be provided by U.S. mail this same date.

The following page of the facsimile contained a "Notice of Appeal," in which the defendants appealed to the circuit court for a trial de novo; the page also included a "Cost Bond," which designated the defendants as principals and the law firm as surety for court costs not to exceed five hundred dollars.

At some point after June 17 the clerk of the general sessions court received the original documents in the mail. Upon receipt of the documents, the clerk stamped "Filed June 17, 1994" thereon.

On October 6, 1994, the plaintiff moved to dismiss the appeal, arguing that because facsimile filing of the notice of appeal and cost bond was not allowed by rule or statute, it was thus ineffective as a means of perfecting an appeal. The defendants opposed the motion, arguing that although facsimile filing was not expressly permitted by statute or rule, neither was it expressly prohibited. The trial court denied the motion, but granted the plaintiff permission to file an interlocutory appeal pursuant to Tenn. R. App. P. 9. The plaintiff did so and the Rule 9 application was granted by the Court of Appeals. That court, however, affirmed the circuit court's judgment, and the plaintiff filed an application to appeal pursuant to Tenn. R. App. P. 11. We granted that application in order to address this important procedural

3

issue.

## ANALYSIS

We begin our discussion of this issue by noting that the legislature has clearly indicated its approval of facsimile transmissions in the filing of court documents. Tenn. Code Ann. § 16-1-113 provides that:

> (a) It is the intent of the general assembly, in recognition of the common practice and use of facsimile transmissions (fax) in business and government, to:
> (1) Promote a more efficient means of filing documents and overcome expenses and delays entailed in long distance communication; and
> (2) Enable courts in this state to implement procedures for the filing of documents by fax.
>
> (b) Courts in this state may implement procedures for the transmission of documents by fax machines in accordance with the provisions of this section and §16-3-408 and the Tennessee Supreme Court Rules.

Furthermore, the section referenced in that statute, § 16-3-408, provides as follows:

> The supreme court is urged to develop court rules and procedures to control the process of courts using fax transmissions of documents. The court rules and procedures are to be promulgated and submitted to the general assembly for approval as provided by law by February 1, 1992, and should provide for the following:
>
> (1) The type of document that may be faxed;
> (2) The length of restriction, if any, of a document that may be faxed;
> (3) The type of equipment and paper which must be used by clerks' offices;
> (4) The amount, if any, of fees to be charged for the faxing of documents;
> (5) The payment of regular filing fees of the court;
> (6) The time of filing of a faxed document;
> (7) Requirements, if any, for filing of original documents or original

4

signatures;
(8) Requirements, if any, for maintenance of transmittal reports of faxed documents; and
(9) Any other rule or procedure the court deems appropriate.

In response to § 16-3-408, this Court sanctioned a pilot program in the trial courts of Rutherford County to study the use of facsimile filing. However, neither this Court nor the Advisory Commission on the Rules of Civil and Appellate Procedure has made a final evaluation of that program for purposes of determining the desirability of adopting a statewide rule. Therefore, we have not implemented a statewide rule governing facsimile filing.

This lack of an enabling rule is very significant, the plaintiff argues, for without specific guidelines the decision of whether to accept documents filed by fax will be left to each individual clerk to make on an ad hoc basis. Such a result is unacceptable, she continues, for such a practice will inevitably lead to divergent procedures among the respective clerks; and litigants utilizing the facsimile method will be unsure as to whether their documents have been properly filed. Because the filing of documents such as a complaint or notice of appeal is of paramount importance -- it is, according to the plaintiff, jurisdictional and cannot be waived by the court -- facsimile filing should not be allowed in the absence of a specific rule.

The defendants counter by arguing that there is no requirement that a party file an "original" notice of appeal, and that no rule exists which prohibits filing the document by facsimile. Because the clerk specifically approved the method in this case, they contend, the judgment of the lower courts should be affirmed.

5

We find the plaintiff's argument to be more compelling for a number of reasons. First, she is correct that the timely perfecting of an appeal is no mere technical formality: it is in fact a mandatory requirement, and if it is not complied with the court has no jurisdiction over the case. Tenn. Code Ann. § 27-5-108. Second, while the facsimile is a common, reasonably reliable method of transmitting information, there are several issues that could be problematic if we were to allow such filing in the absence of a detailed rule. For example, since the machine is able to receive a transmission at any time, should a fax sent after the normal closing time of the clerk's office be deemed filed that day or the next? What if the machine in the clerk's office has technical difficulty or is tied up when a party attempts to file -- should the abortive attempt be deemed a valid filing? Should the party be required to present a transmittal sheet in such a situation? May the court charge a transmittal or user fee when a party files by fax? And may a party use the machine to file a document that requires a filing fee? These are precisely the types of issues that the legislature had in mind when it asked this Court to formulate a comprehensive rule governing facsimile filing.[1] And these potentially problematic issues are why such an important aspect of procedure cannot be subjected to the vagaries of individual clerks, however competent and well-intentioned they may be.

In summation, we are aware that significant advances in communications technology have occurred since our rules of civil and appellate procedure were promulgated, and we acknowledge that our courts should keep abreast of these changes. However, until uniform court rules and procedures have been developed

---

[1]We note that the rule applying to the Rutherford County trial courts resolves most of these issues.

to control the use of this particular type of technology, facsimile transmissions, counsel should refrain such use, except in the courts where pilot programs have been adopted. Because this Court has not yet adopted a rule of statewide applicability governing facsimile filing, and because we have not yet sanctioned a pilot program in Scott County, the judgment of the Court of Appeals and the trial court is hereby reversed.[2]

_____
FRANK F. DROWOTA III
JUSTICE

Concur:

Birch, C.J.
 Reid, Anderson and White, JJ.

_____

[2]Our recent decision in Cruse v. City of Columbia, ___ S.,W.2d ___ (Tenn. 1996), does not conflict with this opinion because that decision was based on "the unique circumstances presented." Furthermore, we specifically stated that "counsel should not rely on facsimile transmissions for the filing of documents in the future." Cruse, ___ S.W.2d at ___.