IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2002

# MICHAEL WATKINS v. GREG FITZGERALD, ET AL.

**Appeal from the Circuit Court for Davidson County**
**Nos. OOC2046 & OOC2047     Carol L. Soloman, Judge**

---

**No. M2000-03197-COA-R3-CV - Filed November 26, 2002**

---

This case originated in the General Sessions Court of Davidson County wherein Greg Fitzgerald filed an unlawful detainer warrant against Michael Watkins relative to real property at 1127 Delmas Avenue in Nashville. Then, Michael Watkins filed an action against Fitzgerald for wrongfully evicting him from the same property. Mr. Watkins then filed a civil warrant against Constance Regina Wilson and Curtis Sharp, Jr. for breach of contract asserting an agreement between the parties relative to the same real estate. Judgments of the general sessions court were appealed to the circuit court, consolidated and heard in circuit to the end that circuit court judgments were rendered in favor of Fitzgerald, Wilson and Sharp, and against Michael Watkins. From these judgments Watkins appeals and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

Michael C. Watkins, Madison, Tennessee, Pro Se.

Kevin S. Key, Nashville, Tennessee, for the appellee, Greg Fitzgerald.

## OPINION

Michael Watkins appeals, pro se, from the judgment of the Circuit Court of Davidson County, entered December 28, 2000 following a hearing of December 12, 2000.

Unfortunately, no transcript of the evidence of the December 12, 2000 hearing is preserved for the appellate record under T.R.A.P. Rule 24(b) and no statement of the evidence is preserved pursuant to T.R.A.P. Rule 24(c). In the absence of a transcript of the evidence or a statement of the evidence, appellate courts are limited to the record filed pursuant to Rule 24(a) of the Tennessee Rules of Appellate Procedure. This limited record does not contain the evidence heard by the trial court and upon which the trial court acted in rendering the judgment from which the appeal is taken.

In such circumstances, this Court has held:

> When a trial court decides a case without a jury, it's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn.R.App.P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

*Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

The pro se Appellant has filed with the record hand-written narratives stating his version of the events in issue between and among the parties, which is accompanied by hand-written narrative of certain alleged witness statements. As the Court of Appeals is a court of appellate jurisdiction only, we are in no position to consider these documents in the first instance but could only consider them if they formed a part of the record acted upon by the trial judge following the December 12, 2000 hearing. It is the obligation of Appellant to have an adequate record prepared in order to allow a meaningful review on appeal. *State v. Banes*, 874 S.W.2d 73 (Tenn. Crim. App. 1993).

Making all allowances for the pro se status of Appellant, this Court cannot disregard the requirements of the Tennessee Rules of Appellate Procedure. The scope of the appeal, being thus limited, we turned to the judgment of December 28, 2000 following the December 12, 2000 hearing. In this final judgment, the Court holds:

> Based upon these consolidated General Sessions Court appeals and upon statement of counsel for the Defendants, opening statement by the Plaintiff, review of the record and testimony of witnesses this Court finds as follows:
>
> 1. The appeal against Greg Fitzgerald is hereby dismissed with prejudice on the grounds that the Plaintiff failed to file an appeal from the General Sessions Court after entry of final judgment on May 30, 2000 in a timely fashion. This appeal was not docketed until the 20th day of July, 2000.
>
> 2. At the conclusion of the Plaintiff's evidence against the remaining defendants, Curtis Sharp and Constance Regina Wilson, and upon those Defendants' Motion to Dismiss this Court finds that no contract existed between the parties as alleged by the Plaintiff which would support a claim against those Defendants. As a result Plaintiff's claim should hereby be dismissed.
>
> 3. Further, upon Pre-Trial Motion by the defendant, Greg Fitzgerald, for sanctions for Plaintiff's failure to appear at deposition at the offices of Robert Greene upon proper notice to the Plaintiff and upon the Plaintiff's failure to appear at said deposition on the 28th day of November, 2000, judgment is entered against the Plaintiff for $70.00 for the court reporter's per diem.

IT IS SO ORDERED this __28__ day of December, 2000.

Reviewing this judgment it appears that the trial court correctly dismissed the case against Greg Fitzgerald because the appeal from general sessions court to the circuit court was not timely filed pursuant to Tennessee Code Annotated section 27-5-108. The ten day limitation provided by this statute is mandatory, and if it is not complied with, the circuit court has no jurisdiction of the case. *Love v. College Level Assessment Services, Inc.*, 928 S.W.2d 36, 38 (Tenn. 1996).

As to the remaining Defendants, Curtis Sharp and Constance Regina Wilson, we have no alternative but to affirm the circuit court judgment in their favor since that judgment was based upon evidence heard by the circuit judge and such evidence is not preserved for appellate review.

The action of the trial court is in all respects affirmed with costs of the appeal assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE