IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2002

## THE VANDERBILT UNIVERSITY v. CHARLES PHILLIP HAYNES

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2556     Walter C. Kurtz, Judge**

---

**No. M2001-02688-COA-R3-CV - Filed February 4, 2003**

---

The Circuit Court of Davidson County dismissed an appeal from the General Sessions Court because the appeal was not perfected within ten days of the date of the General Sessions judgment. The appellant contends that Rules 6.01 and 6.05 of the Tennessee Rules of Civil Procedure extended the time for filing the appeal to the date it was actually perfected. Because the Rules of Civil Procedure do not apply to the General Sessions Court, we affirm the Circuit Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and WILLIAM B. CAIN, JJ., joined.

Richard J. Braun and Patricia E. Crotwell, Nashville, Tennessee, for the appellant, Charles Phillip Haynes.

Sheree C. Wright, Nashville, Tennessee, for the appellee, The Vanderbilt University.

## OPINION

### I.

The General Sessions Court rendered a money judgment against Charles Phillip Haynes on July 19, 2001. Mr. Haynes perfected an appeal by filing an appeal bond on August 3, 2001.

Vanderbilt University, the plaintiff in the General Sessions Court, filed a motion to dismiss the appeal because it was not perfected within the ten days provided in Tenn. Code Ann. § 27-5-108.[1]

## II.

Mr. Haynes argues on appeal that the case was tried in the General Sessions Court on July 18 and taken under advisement. The General Sessions Judge entered the judgment on July 19 and notified the parties by letter mailed on July 20;[2] and that by applying Tenn. R. Civ. P. 6.01 and 6.05 the time for appealing the General Sessions judgment would have been extended at least to August 3.

Rule 6.01 governs how the time for taking action is computed. It provides that the first day (in this case July 19) would be excluded and the last day would be included unless it is a Saturday, Sunday, or legal holiday. When the time period is eleven days, or less, Saturdays, Sundays and legal holidays do not count. Rule 6.05 adds three days to a prescribed period for taking action if the notice starting the period to run is served by mail.

The trouble with Mr. Haynes' argument is the clear expression in Tenn. R. Civ. P. 1 that they do not apply to General Sessions Courts "except in cases where such courts by special or private act exercise jurisdiction similar to that of circuit or chancery courts." In *Continental Cas. Ins. Co. v. Musser*, No. 03A01-9106-CV-00221 (Tenn. Ct. App. Jan. 24, 1992), dealing with the same problem, this court said, "We simply note that the Tennessee Rules of Civil Procedure do not apply to proceedings in the Courts of General Sessions." *Musser*, No. 03A01-9106-CV-00221, slip. op. at 1. Therefore, the Rules of Civil Procedure do not help Mr. Haynes avoid the problem of an untimely appeal from General Sessions. A timely appeal is a mandatory requirement without which the Circuit Court does not obtain jurisdiction. *See Love v. College Level Assessment Services, Inc.*, 928 S.W.2d 36 (Tenn. 1996).

The general law embodies some of the provisions of Rule 6.01. Tenn. Code Ann. § 1-3-102 provides that "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal

---

[1] Tenn. Code Ann. § 27-5-108 provides:

(a)(1) Any party may appeal from an adverse decision of the general sessions court to the circuit

court of the county within a period of ten (10) days on complying with the provisions of this chapter.

. . . .

(b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee.

(c) Any appeal shall be heard de novo in the circuit court.

(d) If no appeal is taken within the time provided, then execution may issue.

[2] The record shows, however, that counsel for Mr. Haynes was notified by telephone on July 20 that the General Sessions judge had rendered the judgment.

holiday, and then it shall also be excluded." But in July of 2001 the nineteenth fell on Thursday. The tenth day after that was Sunday the twenty-ninth. Therefore, Mr. Haynes had all day on Monday the thirtieth to perfect his appeal. Having failed to do so, he cannot complain that his appeal was dismissed.

The judgment of the court below is affirmed, and the cause is remanded to the Circuit Court for Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Charles Phillip Haynes.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.