# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## O'RANE M. CORNISH, SR. V. BENNIE G. NUNN, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH120616      Arnold B. Goldin, Chancellor**

---

**No. W2013-00705-COA-R3-CV - Filed April 24, 2013**

---

Appellant's failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, J.,  ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J.

O'Rane M. Cornish, Sr., Memphis, Tennessee, Pro Se.

Michael William Miller, Memphis, Tennessee, for the appellees, Bennie G. Nunn and Sabra L. Nunn.

## MEMORANDUM OPINION[1]

On March 28, 2013, Appellees Benne G. Nunn, individually and wife, Sabra L. Nunn d/b/a Nunn & Nunn Construction, Inc. filed a motion requesting that the Court dismiss this appeal. In the motion, Appellees asserted that: 1) Appellant failed to timely file the Notice of Appeal within thirty (30) days of the entry of the final judgment appealed in this matter, as required by Rule 4 of the Tennessee Rules of Appellate Procedure; 2) Appellant failed to serve a copy of the Notice of Appeal upon counsel of record pursuant to Rule 5(a) of the Tennessee Rules of Appellate Procedure; and 3) Appellant failed to file a proper bond for

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

costs in accordance with Rule 6 of the Tennessee Rules of Appellate Procedure. Appellant filed his response on April 19, 2013.

It appears that Appellant posted a cash bond on April 9, 2013, and therefore, we must deny Appellees' motion to dismiss on that basis. Appellant also maintains that he timely filed his Notice of Appeal on the afternoon of February 6, 2013, i.e., the thirtieth day following the trial court's judgment entered on January 7, 2013. In support, Appellant states that he transmitted the Notice of Appeal to the trial court clerk and Appellees' counsel by facsimile on February 6, 2013. Appellant attached to his response a copy of the trial court's online docket entry system listing indicating that the trial court clerk received the Notice of Appeal by facsimile on February 6, 2013. The clerk's notes for that day, however, state that the trial court's Chief Administrative Officer called Appellant and told him that the Tennessee Rules of Appellate Procedure do not permit filing a Notice of Appeal by facsimile. The clerk's notes then indicate that Appellant filed the Notice of Appeal in the trial court on February 7, 2013, and also that Appellant paid the clerk's appellate cost fee on that date.

A Notice of Appeal may not be filed in the trial court by facsimile transmission. Tenn. R. Civ. P. 5A.02(4)(e); *see also* **Love v. Coll. Level Assessment Servs., Inc.**, 928 S.W.2d 36, 36–37 (Tenn. 1996) (concluding that "facsimile transmission [sent to the clerk of the general sessions court on the final day on which an appeal could be taken] was not sufficient to perfect the appeal"); **Davis v. Jackson Tenn. Hosp. Co., LLC**, No. W2009-02537-COA-R3-CV, 2010 WL 2812625, at *3–4 (Tenn. Ct. App. July 16, 2010). Appellant's Notice of Appeal was not filed in the trial court until February 7, 2013, i.e., the thirty-first day following January 7, 2013. The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. **Albert v. Frye**, 145 S.W.3d 526, 528 (Tenn. 2004); **Binkley v. Medling**, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* Tenn. R. App. P. 2 and 21(b). Thus, the failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

## Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the Appellant, O'Rane M. Cornish, Sr., for which execution may issue if necessary.

## PER CURIAM