IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2025

## JOHN F. CURRAN v. ONLY MOTORSPORTS, LLC

**Appeal from the Circuit Court for Wilson County**
**No. 2024-CV-260    Michael Wayne Collins, Judge**

_____

**No. M2025-00069-COA-R3-CV**

_____

The trial court dismissed the appellant's appeal from general sessions court on the basis that his notice of appeal was untimely. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

John F. Curran, Mt. Juliet, Tennessee, Pro se.

Kristen M. Shields and Christopher Beverly, Mt. Juliet, Tennessee, for the appellee, Only Motorsports, LLC.

## MEMORANDUM OPINION[1]

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case began when Plaintiff/Appellant John F. Curran ("Appellant") filed a civil warrant in the Wilson County General Sessions Court ("the general sessions court") against

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Defendant/Appellee Only Motorsports, LLC ("Appellee") and Defendant Zach Miller.[2] Appellee responded by filing a counterclaim via civil warrant against Appellant in the general sessions court.[3] A hearing was set for April 11, 2024. On April 8, 2024, Appellant filed a pro se motion to continue what he deemed "a status conference hearing" on the basis that Appellee had not yet been served with a pending federal lawsuit against it. Alternately, Appellant asked that he be permitted to participate in the hearing via electronic means as "he is contracted to prepare salvage assets out of the area[.]" The motion was signed personally by Appellant on April 4, 2024.

The April 11, 2024 hearing occurred, and the general sessions court issued a judgment in favor of Appellee in the total amount of $24,999.99 that same day.[4] There is no dispute that Appellant was not present for the hearing.

On May 1, 2024, Appellant, via his mother and attorney-in-fact, Gretchen J. Peace, filed a notice of appeal to the Wilson County Circuit Court ("the trial court"). The notice of appeal was signed by Ms. Peace on May 1, 2024. On May 3, 2024, Ms. Peace filed an affidavit stating that Appellant was not served with an order denying Appellant's motion for a continuance or "notice of appeal filing deadline dated 4/4/2024[.]"[5] The affidavit further stated that Ms. Peace filed the notice of appeal for Appellant under a power of attorney granted to her by Appellant.[6]

On May 21, 2024, Appellee filed a motion to dismiss Appellant's appeal on the basis that the notice was untimely under Tennessee Code Annotated section 27-8-108. Appellee also asked that it be awarded attorney's fees. Appellant filed a pro se response in opposition on May 31, 2024, arguing that (1) he was not served with the general sessions court order; (2) the April court date was merely for a status conference, rather than a hearing; (3) he had previously requested a continuance of that date, which he did not receive notice was denied; and (4) his notice of appeal "was timely filed to incorporate the 10 days plus mailing time[.]"

---

[2] The civil warrant against Appellee and Mr. Miller is not included in the record.

[3] Mr. Miller was not a party to the counterclaim and therefore is not a party to this appeal.

[4] The judgment does not explicitly address Appellant's initial claim. Both parties agree in their briefs, however, that this claim was dismissed. Specifically, in his brief, Appellant states that he "dismissed 23-cv-2983 [i.e., his general sessions court civil warrant] on 7 December 2023 while in the Court of General Sessions for Wilson County, TN due to the filing of [a] federal matter" concerning the same subject matter.

[5] The affidavit was notarized by a Virgina "Electronic Notary Public."

[6] No argument was made in the trial court or on appeal that Ms. Peace was not permitted to make this filing on behalf of Appellant as a non-attorney. We note that this Court has held that non-attorney attorneys-in-fact may take some actions on behalf of their principals when the action does not require professional judgment or specialized knowledge of the law. *See generally* **State f/b/o City of Columbia v. 2013 Delinq. Taxpayers**, No. M2017-01439-COA-R3-CV, 2018 WL 2175510, at *2–5 (Tenn. Ct. App. May 11, 2018). We need not address whether Ms. Peace was permitted to file the notice of appeal on behalf of Appellant because even assuming arguendo that her action was authorized, it was untimely, as discussed *infra*.

The trial court granted Appellee's motion to dismiss by order of July 5, 2024. Therein, the trial court noted that Appellant's notice of appeal was filed more than ten days following the April 11, 2024 final order in the general sessions court. The order further provided that the question of attorney's fees under Tennessee Code Annotated section 20-12-119(c) was reserved for a future hearing date.

At some point, Appellant, by and through counsel, filed a motion to set aside the trial court's order dismissing his appeal, citing Rule 60.02 of the Tennessee Rules of Civil Procedure.[7] Therein, Appellant asserted that at the time of the hearing on Appellee's motion to dismiss, Appellant was incarcerated and unable to attend the hearing. Ms. Peace appeared at the hearing and requested a continuance, but the continuance was denied when the trial court would not hear from a non-attorney. As a result, Appellant's appeal was dismissed. The motion further alleged that Appellant was not present at the April 11, 2024 hearing in which judgment was entered against him in the general sessions court, and that Ms. Peace filed the notice of appeal "4 days after the 10-day time period had expired" on behalf of Appellant, who was incarcerated on April 22, 2024. Appellant therefore asserted that his failure to appear at the motion to dismiss hearing was excusable neglect, that no prejudice would result in setting aside the order, and that the dismissal should be set aside. The motion was not accompanied by an affidavit or other evidence. Appellee responded in opposition on October 7, 2024.

On October 14, 2024, the trial court issued an order denying Appellant's motion to set aside the order of dismissal. Therein, the trial court first reiterated the procedural history of what occurred leading to the appeal to the trial court. The trial court then noted that under Rule 60.02, the burden was on Appellant to demonstrate that he was entitled to relief. But the trial court found that Appellant failed to meet that burden, noting that Appellant failed to support his motion with any affidavits supporting the allegations in his motion or to justify his failure to timely appeal the judgment of the general sessions court. The trial court further noted that Appellant failed to offer any explanation as to why his power of

---

[7] The stamp filing date on this motion is October 14, 2024. However, the motion sets the hearing on the motion for July 22, 2024, and the record contains both a July 22, 2024 agreed order continuing that hearing and an October 7, 2024 response in opposition to the motion. As a result, it is clear that this stamp filing is not correct. This is not the only instance where the technical record does not appear in chronological order. *See* Tenn. R. App. P. 25(a) ("Copies of all papers filed in the trial court, except the transcript or statement of the evidence or proceedings and exhibits, shall be bound together in chronological order; such bound volume (or, if more than one bound volume, the first such volume) shall contain a table of contents listing in chronological order all of the papers filed in the trial court with each document's corresponding page number.").

The timing of the motion is somewhat important in that it determines whether this motion constitutes a motion to alter or amend pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure or a motion to set aside a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. Because we conclude that Appellant is not entitled to relief under either motion-type, we need not tax the length of this Opinion with a detailed resolution of this issue.

attorney delayed filing the notice of appeal. Because the notice of appeal was untimely, the trial court confirmed that it lacked jurisdiction over the appeal. So the trial court denied Appellant's motion to set aside the dismissal.

On November 19, 2024, the trial court entered an order granting Appellee's motion for attorney's fees and awarding Appellee $2,640.00 in legal fees. On December 17, 2024, the trial court sua sponte entered an order, setting aside the October 14, 2024 order due to a clerical error and reentering the order "with the exact same language," so that an appeal to this Court could be filed. Appellant thereafter timely appealed to this Court.

## II.    ISSUES PRESENTED

Appellant, once again proceeding pro se,[8] raises a single issue in this appeal: Did the Court of General Sessions of Wilson County, TN and the Circuit Court of Wilson County, TN err in not serving the []Appellant a copy of the General Sessions Order and then the Circuit Court dismissing the []Appellant's appeal from the ruling of Court of General Sessions of Wilson to the Circuit Court of Wilson County for not being timely filed?

In our view, the dispositive question of this appeal is whether the trial court erred in dismissing Appellant's appeal of the general sessions court's April 11, 2024 judgment.

## III.    STANDARD OF REVIEW

As the Tennessee Supreme Court has explained,

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de

---

[8] Because Appellant is self-represented, he is granted "a certain amount of leeway in drafting [his] pleadings and briefs." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). Yet, it is well settled that "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). So "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts.'" *Id.* (first citing *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); and then quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)); *see also Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) ("*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.").

novo, without a presumption of correctness.

***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted).

## IV.    ANALYSIS

Appeals from the general sessions court to the circuit court are governed by statute. *See* ***Griffin v. Campbell Clinic, P.A***., 439 S.W.3d 899, 902 (Tenn. 2014). Tennessee Code Annotated section § 27-5-108(a)(1) provides that "[a]ny party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." The ten-day period in section 27-5-108(a)(1) begins on the date that the general sessions judgment is entered. ***Jackson Energy Auth. v. Diamond***, 181 S.W.3d 735, 740 (Tenn. Ct. App. 2005); *see also* 3 Tenn. Prac. Rules of Civil Procedure Ann. § 1:11 (5th ed.) ("The 10-day period for appeal provided by T.C.A. § 27-5-108 begins to run on the date of entry of judgment."). The timely filing of a notice of appeal of the general sessions court's judgment is mandatory, "and if it is not complied with the [circuit] court has no jurisdiction over the case." ***Love v. Coll. Level Assessment Servs., Inc.***, 928 S.W.2d 36, 38 (Tenn. 1996). "If the appeal is not perfected within the ten-day period, the general sessions court's judgment becomes final and execution may issue." ***Griffin***, 439 S.W.3d at 902 (citing Tenn. Code Ann. § 27-5-108(d)). "Where subject matter jurisdiction is challenged, the party asserting that subject matter jurisdiction exists . . . has the burden of proof." ***Johnson v. Hopkins***, 432 S.W.3d 840, 844 (Tenn. 2013).

In this case, the general sessions court's judgment was entered on April 11, 2024. Appellant's notice of appeal was therefore due on or before Monday, April 22, 2024. *See* ***Scarlett v. AA Props., GP***, 616 S.W.3d 815, 819 (Tenn. Ct. App. 2020) (citing ***State v. Smith***, 278 S.W.3d 325 (Tenn. Ct. Crim. App. 2008) (holding that the computation of time in general sessions court is governed by Tennessee Code Annotated section 1-3-102, which states that "[t]he time within which any act provided by law to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday or a legal holiday, then it shall also be excluded.")). Appellant's notice of appeal, filed May 1, 2024, was clearly outside this deadline. Appellant does not appear to dispute that his notice of appeal was untimely.[9] Instead, Appellant asserts that the trial court should have ruled that his notice of appeal was timely under the prison mailbox rule. Respectfully, there are several problems with this argument.

First, the prison mailbox rule was not raised in the trial court.[10] It is well-settled that

---

[9] Curiously, Appellant does assert that his notice of appeal "was 2 days late (as date stamped by the Clerk of the Court)[.]" Whether the notice of appeal was two days late or nine days late makes no difference.

[10] Indeed, it appears that no allegation was made that Appellant was even incarcerated during any part of the ten-day period for appealing the general sessions judgment until after the trial court dismissed Appellant's appeal. As a reminder, Appellant's motion to continue the April 11, 2024 general sessions court hearing alleged that Appellant could not be present due to his work.

arguments may not be raised for the first time on appeal. *See **Fayne v. Vincent***, 301 S.W.3d 162, 171 (Tenn. 2009) ("[P]arties will not be permitted to raise issues on appeal that they did not first raise in the trial court[.]").[11]

Second, Appellant has not established that he complied with the prison mailbox rule in any respect. Rule 5.06 of the Tennessee Rules of Civil Procedure provides, in relevant part, as follows:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were *delivered to the appropriate individual at the correctional facility within the time fixed for filing.* This provision shall also apply to service of paper by such litigants pursuant to the rules of civil procedure. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se litigant is incarcerated. Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.

(Emphasis added); *see also* Tenn. R. App. P. 20(g) (applying the prison mailbox rule to papers filed with the Tennessee Court of Appeals, Tennessee Court of Criminal Appeals, and Tennessee Supreme Court). Even assuming that the prison mailbox rule is applicable to the notice of appeal at issue in this case,[12] Appellant has not demonstrated that he complied with the rule.

Importantly, Appellant filed no affidavits or other documents in response to Appellee's motion to dismiss or in support of his motion to set aside the dismissal establishing that he was incarcerated during the relevant time period or any of the other facts that he now relies upon. *See **Tenn. State Bank v. Lay***, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980) (holding that in seeking to set aside a judgment under Rule 60.02, "[t]he burden is upon the movant to set forth in a motion or petition *and supporting affidavits* facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect" (emphasis added)). Indeed, "[t]he law is clear that statements of fact made in or attached to pleadings [or] briefs . . . are not evidence and may not be considered by an appellate court unless they are properly made part of the record[.]" ***Threadgill v. Bd. of Pro. Resp.***, 299 S.W.3d 792, 812 (Tenn. 2009). As a result, there is simply no evidence

---

[11] To the extent that Appellant also attempts to raise constitutional and/or federal-law-based arguments and challenges in this Court, they are likewise waived for failing to raise these arguments in the trial court.

[12] *See* Tenn. R. Civ. P. 1 (detailing when the Tennessee Rules of Civil Procedure apply to the general sessions court, recited *infra*). We express no opinion as to whether Rule 5.06 is actually applicable here.

in the record to indicate that the notice of appeal was delivered to the appropriate individual at Appellant's correctional facility within the required time period.[13]

Instead, the evidence in the record actually demonstrates that the requirements of the prison mailbox rule were *not* met in this case. The record clearly indicates that it was not *Appellant* that filed the notice of appeal via mail from a correctional facility, but *Ms. Peace*. And Ms. Peace was not incarcerated at the time of the filing of the notice appeal according to her own affidavit. Moreover, Ms. Peace signed the notice of appeal on May 1, 2024, beyond the expiration of the time fixed for filing the notice of appeal. So then, Appellant has not met his burden to demonstrate that the prison mailbox rule's requirements were met in this case.[14]

To the extent that Appellant asserts that the timely filing of a notice of appeal should be excused due to the fact that he was allegedly not timely notified of the general sessions court's judgment, we also disagree. As an initial matter, Appellant cites no law to support the theory that an alleged lack of notice of an order entered in general sessions court is a proper defense to a motion to dismiss a circuit court appeal for failing to timely appeal. *See Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

---

[13] In his brief, Appellant asserts that the notice of appeal was "submitted to law enforcement for mailing to the [c]ourts, 20 April 2024." But he also states that on that date he was merely under house arrest and was not transferred to the State of Tennessee's custody until April 22, 2024. Thus, by his own admission, Appellant was not "incarcerated in a correctional facility" at the time he allegedly tendered the notice of appeal for mailing. Tenn. R. Civ. P. 5.06. In any event, these statements are not evidence. *Threadgill*, 299 S.W.3d at 812. Moreover, like the rest of his brief, these assertions are not supported by any reference to the record on appeal indicating that evidence of either assertion was submitted in the trial court. Rule 27(a) of the Tennessee Rules of Appellate Procedure requires, among other things, that the appellant's argument contain an argument "with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7). Likewise, Rule 6 of the Rules of the Tennessee Court of Appeals provides that "[n]o assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." Tenn. R. Ct. App. 6(b). We decline to accept these unsupported assertions under these circumstances. *See Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

[14] The federal prison mailbox rule that Appellant asserts should be applied here likewise requires that the document be "delivered to the prison authorities for forwarding to the court clerk." *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016) (quoting *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)); *see also* Fed. R. Civ. P. 4(c)(1) ("If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and [other requirements]."). Thus, even if we were required to apply the federal prison mailbox rule, it would be no help to Appellant. *But see Boswell v. RFD-TV the Theater, LLC*, 498 S.W.3d 550, 556 (Tenn. Ct. App. 2016) ("Matters of procedure are governed by the law of the forum. . . . In other words, we apply our own procedural rules[.]" (citation omitted)).

Regardless, we note that a similar argument was made and rejected in *Tennessee Protection Agency, Inc. v. Mathies*, No. M2009-01775-COA-R3-CV, 2010 WL 2889316 (Tenn. Ct. App. July 23, 2010). In that case, the plaintiff obtained a default judgment against the defendant in the general sessions court. *Id.* at *1. Over two months after the judgment was issued, the defendant filed a motion for relief from the judgment pursuant to Rule 60.02, asserting that he did not learn about the judgment until a month after it was entered. The general sessions court set the default judgment aside, and the plaintiff appealed to the circuit court. *Id.*

The circuit court reversed the decision of the general sessions court. First it noted that the defendant's motion was governed by Tennessee Code Annotated section 16-15-727, which permitted a party to a general sessions court order to seek relief from the order "within ten (10) days of the date of judgment."[15] *Id.* (quoting Tenn. Code Ann. § 6-15-727(b)). The trial court ruled that this time period was mandatory. *Id.* And because the defendant's Rule 60.02 motion was not filed within ten days of the judgment, the circuit court ruled that it lacked subject matter jurisdiction to set aside the default judgment. The circuit court therefore reinstated the default judgment in favor of the plaintiff. *Id.*

On appeal to this Court, the defendant contended that the general sessions court correctly concluded that the time for filing a motion under section 16-15-727(b) did not begin to run until a party was notified of a judgment under Rule 58 of the Tennessee Rules of Civil Procedure.[16] Ultimately, however, we rejected the notion that the ten-day period

---

[15] Section 16-15-727(b) provides as follows:

Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking *de novo* review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for *de novo* review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

[16] Rule 58 provides as follows:

Unless otherwise expressly provided by another rule, entry of a judgment or an order of final disposition or any other order of the court is effective when a judgment or order containing one of the following is marked on the face by the clerk as filed for entry:

> **(1)** the signatures of the judge and all parties or counsel, or
> **(2)** the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> **(3)** the signature of the judge and a certificate of the clerk that a copy has been

was excused or extended when the moving party did not receive notice of the final order. *Id.* at \*3–4. Rather, we held that it was sufficient that the defendant "received notice of the lawsuit and the initial hearing date," even though the defendant had requested a lengthy continuance. *Id.* (citing ***R & F Enters., Inc. v. Penny***, No. E2009-00007-COA-R3-CV, 2010 WL 624048, at \*2 (Tenn. Ct. App. Feb. 22, 2010) (holding that the defendant had notice of the lawsuit and the hearing date, but even assuming arguendo that the defendant lacked notice, "the General Sessions Court was without authority to set aside the Judgment as found by the Trial Court, because the Motion . . . was not filed within the statutory period")).

While this case is different from ***Mathies*** in that Appellant did not raise the alleged lack of notice in a motion to the general sessions court that entered the judgment against him, but to the trial court hearing his appeal of that judgment, our strict application of the deadlines imposed in the general sessions court are no less apt here. Like the circuit court in ***Mathies*** noted of section 16-15-727(b), the time period in section 27-5-108(a)(1) is mandatory and jurisdictional. ***Love***, 928 S.W.2d at 38. Moreover, Rule 58's requirements are not applicable to the general sessions court. *See* Tenn. R. Civ. P. 1 ("The Rules of Civil Procedure shall not apply to general sessions courts except as follows: . . . The rules shall apply *after appeal* or transfer of a general sessions civil lawsuit to circuit court[.]" (Emphasis added)).

There is no argument in this appeal that Appellant was not served with process in the general sessions court such that the judgment against him was a nullity.[17] *Cf.* ***TBF Fin. LLC v. Simmons***, No. E2020-00396-COA-R3-CV, 2020 WL 6781245, at \*1 (Tenn. Ct. App. Nov. 18, 2020) (holding that a litigant may file a motion to set aside a judgment under section 16-15-727(b) beyond the ten-day time period when the litigant was never served with process in the general sessions court and the judgment was therefore void ab initio). Moreover, there can be no dispute that Appellant had notice that an April 11, 2024 hearing was taking place, although he had asked that it be continued. *See* ***Mathies***, 2010 WL 2889316, at \*4 n.4 (noting that merely requesting a continuance is not sufficient, as "it is the responsibility of the attorney or party to obtain the permission of the court or of the opposing party"). Under these circumstances, any alleged lack of notice of the April 11, 2024 judgment in the general sessions court is unfortunately not a defense to Appellee's argument that Appellant's notice of appeal was untimely.

___

served on all other parties or counsel.

Following entry of judgment the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment. When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered judgment to all parties or counsel. If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60.

[17] The civil warrant states that it was served on Appellant on December 7, 2023. Appellant thereafter participated in the case by personally filing a motion to continue.

In sum, the judgment against Appellant was entered on April 11, 2024, and he filed neither a notice of appeal nor a motion to set aside pursuant to section 16-15-727(b) within the statutory period to do so. Moreover, his argument that his notice of appeal was timely based on the prison mailbox rule respectfully lacks merit. As a result, the trial court did not err in granting Appellee's motion to dismiss Appellant's appeal for lack of subject matter jurisdiction.

## V. CONCLUSION

The judgment of the Wilson County Circuit Court is affirmed, and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant, John F. Curran, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE